NORTON AND ANOTHER V. MITCHELL AND OTHERS.

Where a Mexican title was offered in evidence and the adverse party objected, but the grounds of his objection did not appear, it was held that the objection could not be made on appeal, that the officer who issued the concession had no authority by virtue of his office to grant lands.

Although the Political Chief of the Department of Texas, previous to the Colonization Law of 1825, had no authority by virtue of his office to grant lands; yet he may have had a special commission to grant titles to particular lands, and it seems that if objection be not made, such commission may be proved by parol testimony.

Error from Bexar. The plaintiffs in error, claiming under title by patent from the Government of the Republic of Texas, brought their action against the defendants in error to recover possession and quiet their title to certain parcels of land lying within the old Mission of Concepcion, which were occupied and claimed by the defendants by virtue of titles granted by the Mexican Government to them or to those through whom they claimed in 1823, after the Mission of Concepcion was laid in ordinary. A jury was waived and the cause submitted to the Court. The plaintiffs gave in evidence a patent to the land in controversy, from the Government of the Republic of Texas, dated February 10th, 1846, to Norton, one of the plaintiffs, and a conveyance of one-half the land from Norton to Phillips, the other plaintiff. The defendants offered in evidence titles from Don Jose Antonio Sancedo, in the grants of which there was, in substance, the following recital: "San "Fernando De Bexar, December 4th, 1823. I, Don Jose " Antonio Sancedo, Vocal of the illustrious deputation of this " Province, exercising the duties of Political Chief of the same " by virtue thereof, by virtue of an order emanating from the " Supreme Executive Power, that the Missions of this Prov- " ince be laid in ordinary and its lands distributed among the " citizens in want of the same, and by virtue of the preceding

" disposition of the Ayuntamiento of this city, considering the " services of the party applicant, I have thought proper to " grant him by these presents, in the name of the Mexican " Nation," &c. The only notice, in the record, of the action of the Court on the admission of these titles in evidence was the following, contained in the statement of facts: " Ob- " jected to by plaintiffs; execution proved, and read to the " Court." A witness, Antonio Menchaca, for the defendants, testified, without objection, " that Sancedo made these several " grants under special authority from the Mexican Govern- " ment for distributing the lands pertaining to the extinguish- " ed Missions; that he received his authorization in the lat- " ter part of 1822 or the beginning of 1823; that Sancedo " was at the time Political Chief, but as such had no author- " ity to make the grant; he acted under a special commission " sent to him, as above stated, in 1822 or 1823; that after- " wards when the Mission property was sold at public auc- " tion, by the Mexican authorities, these *suertes* were re- " spected." Judgment for defendants. Motion for new trial overruled, and writ of error by plaintiffs.

*I. A. & G. W. Paschal*, for plaintiff in error. Although Sancedo professes to act as vocal of the Deputation, and Po- litical Chief of the Department of Bexar, yet he shows no authority for granting the lands; nor was any law giving this authority shown, or any proof of authority attempted except by the verbal testimony of Antonio Menchaca, whose testi- mony is easily explained by the part recited in the statement of Sancedo that an order had issued from Mexico, laying the Missions in ordinary. This was doubtless the order to which Menchaca referred; for it is not to be presumed that an au- thority so important would depend alone upon the statement of such a witness, particularly when no foundation was laid for this class of secondary evidence.

In the case of Jones v. Garza, 11 Tex. R. 186, we labored hard for several years to establish the power of Sancedo to

grant lands in the name of sovereign Mexico.  In the opinion of this Court we failed ; and the liberal doctrine of presumptions sometimes indulged in favor of the acts of other officers, after the granting power was once established, was held to have no application as to the acts of officers, who, for any thing which appeared to the contrary, were assuming the power of sovereignty.

We look in vain for the power of Sancedo to make a grant in December, 1823, only five months before the foundation of the State of Coahuila and Texas.  If Menchaca refers to the imperial orders of Iturbide, then we know that his only act in relation to lands was the imperial decree of January 4th, 1823, and the confirmation relative to Austin's contract.  Besides, the imperial power had been suspended and overthrown before the exercise of the granting powers by Sancedo.  If he refers to orders of the constituent Congress, then we answer, that they only acted through solemn decrees well known to this Court—decrees which in fact contradict the statements.  The story seems to have been gotten up for the occasion and needs confirmation.  It was without notice of loss or search among the documents for the orders referred to.

*Hewitt & Newton* and *Howard*, for defendants in error. The only point made in the assignment of errors, demanding our attention, is as to the want of power in Sancedo to grant lands.  It is a sufficient answer to this objection, to say that it was not made in the Court below, on the trial, and cannot be urged for the first time in this Court.  (Hubert v. Bartlett, 9 Tex. R. 97 ; Leach v. Millard, Id. 551; De Leon v. White, Id. 598 ; Davenport v. Lackie and another, 8 Id. 351 ; Carter v. Carter, 5 Id. 93.)

The only objection made in the Court below to the grants was as to the execution.  This was proved.  No exception was taken.  They were read in evidence without further objection or exception.  (Leach v. Millard, 9 Tex. R. 551 ; De Leon v. White, Id. 598 ; Titus v. Kimbro, 8 Id. 210 ; Wright

VOL. XIII.                          4

v. Wright, 6 Id. 3; Fowler & Clepper v. Stonum, Id. 60; Howard v. North, 5 Id. 290.)

If the objection was made or could be urged now for the first time, it is removed by the testimony of Menchaca. (11 Tex. R. 186, Jones v. Garza; Wright v. Wright, 6 Id. 3.) This case differs from the one referred to in 11 Tex. We have shown by proof, admitted without objection, that Sancedo had a special and more comprehensive power than would be presumed from the legality of the acts of a public officer or Political Chief. See latter part of the opinion of the Court as to Hancock v. McKinney, 7 Tex. R. His special power extended over the land in controversy.

LIPSCOMB, J. The most material point presented by the appellants' counsel, is the power of Sancedo to grant lands in his official character as Political Chief of the Department of Bexar, in 1823. This question was the main one in Jones v. Garza, (11 Tex. R. 186.) In that case, on the law and the evidence presented by the record, we decided that the Political Chief had no such power; and if the same question was presented in this case, we would regard it as settled, being fully satisfied with its correctness; but the appellee denies that it can be raised in the case; that the record does not show that it was presented and decided in the Court below, and, consequently, it is not before this Court for revision. The record does not show any question reserved by bill of exceptions. The case was submitted to the Judge, without a jury, by consent, and the statement of facts is the only source from which we can know what was decided by the Court. In this, it is shown that when the grant from Sancedo was offered by the defendants as evidence of their title, " objected to by plaintiff; execution proved and read to the Court." The record does not show the grounds of the objection to the evidence; and from what immediately follows the short notice of " objected to by plaintiff," it would seem that the objection

was to the want of proof of the execution of the grant, and not to the power of the grantor, as the entry follows, "execution proven and admitted." It does not appear that there was any objection interposed, after the execution of the deed or grant was proven. When an objection to the admissibility of evidence is made, the grounds of objection should be distinctly stated, or there will be nothing to revise. If this rule is not observed, the revising Court would often be revising a question on evidence, that had not been raised and decided in the Court below. Again, whenever there is an objection made to evidence offered, the party offering should have an opportunity to remove the objection, or to supply his case with other evidence. He could not do this, if any general objection was allowed to be sufficient. (Fowler & Clepper v. Stonum, 6 Tex. R. 60; 11 Wheat. R. 199; Hubert v. Bartlett, 9 Tex. R. 97; Leach v. Millard, Id. 551; Davenport v. Lackie, 8 Id. 351.) The inference from the record being that no objection was raised to the power of the grantor, it cannot be revised in this Court.

There is another point upon which we would have felt some difficulty in reversing the judgment, even if the want of power in the grantor had been raised upon the record. The case was taken from the jury, and the Judge passed as well upon the evidence, as upon the law, by consent, and if, upon the facts in evidence by oral testimony, that there was a special authority in the grantor to make the grant, that testimony having been received without objection, and nothing shown to impeach its credibility, had he decided, that the special authority was proven, it is difficult to perceive how we could have overruled his decision. (Wright v. Wright, 6 Tex. 3.) The judgment is affirmed.

Judgment affirmed.